IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS CLEVELAND | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv886 |
| JOHN B. FOX | § | |

### MEMORANDUM OPINION

Petitioner Thomas Cleveland, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner complains that he has not received credit towards his sentence for time he spent in state custody after his federal sentence was imposed.

In his response, the respondent asks that the petition be dismissed as moot because petitioner has received the relief sought in the petition. A declaration from John A. Farrar, a correspondence specialist at the Designation and Sentence Computation Center in Grand Prarie, Texas, states, in part, as follows:

> On February 15, 2005, the United States Marshals Service (USMS) "borrowed" the petitioner via federal writ from the State of Texas.
>
> The United States District court, Southern District of Texas, sentenced petitioner to a 185-month term for Possession with Intent to Distribute 199 Grams of Cocaine Base

and Possession of a Firearm in Furtherance of a Drug Trafficking Crime on May 1, 2006. The Court was "silent" regarding the relationship of its sentence with any pending state sentence. The USMS returned the petitioner to state custody on July 24, 2006.

On June 15, 2006, the State of Texas revoked the petitioner's state parole. The Texas Department of Corrections (TDC) commenced the revocation term from November 11, 2004, the date the parole warrant was executed.

On October 5, 2007, the State of Texas released the petitioner from his state revocation sentence, to the custody of the USMS.

On August 8, 2008, the United States District Court, Southern District of Texas, issued an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c), reducing the petitioner's federal sentence from 185 months to 158 months.

In accordance with Program Statement 5880.28 ... the Bureau of Prisons (Bureau) prepared a sentence computation for the petitioner, commencing his federal sentence on the date petitioner was released from his state sentence, October 5, 2007. Title 18 U.S.C. § 3584(c) provides for a consecutive sentence in cases where the Court is "silent" regarding this issue.

Prior custody credit was not applied to the petitioner's sentence computation in accordance with 18 U.S.C. § 3585(b). The petitioner was in primary custody of the state from the date of offense and his state parole violation term commenced on November 11, 2004. Therefore, this was time the petitioner was in service of his state sentence.

The federal court was "silent" regarding the relationship of its sentence to any pending state sentence. As such, the Bureau computed it as a consecutive sentence. The petitioner's projected satisfaction date was calculated to be March 26, 2019. However, once the petitioner requested the additional prior custody credit, which the Bureau can only apply with a concurrent designation, the

Bureau of Prisons was obligated to review this issue pursuant to *Baden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). As part of this process, the Bureau contacts the sentencing court for its input, which while not binding is taken into consideration. The Bureau contacted the court via letter on February 4, 2009.

In a return correspondence dated March 17, 2009, the Court did not express any objections to a concurrent service of the petitioner's federal sentence with his state sentence.

On April 10, 2009, the Bureau considered the petitioner for a concurrent designation with the State of Texas under the factors mandated by 18 U.S.C. § 3621(b). The Bureau granted the petitioner a "*nunc pro tunc*" designation to the State of Texas, based on the nature and circumstances of the petitioner's federal offense.

The petitioner's sentence has been re-computed according to the aforementioned statutes, the Bureau's Program Statement 5880.28 ..., and the Court's intent. The projected satisfaction date of the petitioner's sentence is October 19, 2017.

Federal courts are said to be courts of "limited jurisdiction." *See County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140 (1979). Under Article III, Section 2 of the Constitution, the judicial power of the United States Government extends only to "Cases" or "Controversies." The "case or controversy" requirement demands, *inter alia*, that a cause of action before a federal court present a "justiciable" controversy. "[N]o justiciable controversy is presented ... when the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

Documents submitted by the respondent demonstrate petitioner has received credit towards his federal sentence for time spent in state custody after his federal sentence was imposed. As a result, petitioner has received the relief sought in his petition. When a petitioner has received the relief sought, the controversy between the parties to the lawsuit is no longer viable and the lawsuit is said to be moot. *Sannon v. United States*, 631 F.2d 1247 (5th Cir. 1980). As a federal court is not empowered to decide a controversy which has become moot, this petition will be dismissed.

## Conclusion

For the reasons set forth above, this petition will be dismissed as moot. An appropriate final judgment shall be entered.[1]

**SIGNED** this the **28** day of **May, 2009.**

Thad Heartfield
United States District Judge

---

[1] If petitioner does not believe he has received the relief sought in the petition, he should notify the court within 30 days of the date set forth below. The court will then vacate the final judgment and reopen this matter.